The motion is DENIED without prejudice. Defense counsel shall consult the defendant and may file a motion to withdraw the plea if defendant wishes to do so, and there is perceived to be a proper basis for the motion. See Fed. R. Crim. P. 11(d)(2)(B); United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009).

Wolf, D.J. Oct. 26, 2012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIM LITWIN,<br><br>Defendant | CRIMINAL NO. : 12-10070-MLW |

**ASSENTED-TO MOTION FOR STATUS CONFERENCE**

The United States of America, with the assent of the defendant, Kim Litwin, hereby moves the Court to convene a status conference at the earliest practicable date to address an error contained in the calculation of the advisory Sentencing Guidelines set forth in the plea agreement and the consequences flowing therefrom. As grounds for this motion the government states the following:

1. On October 12, 2012, the defendant pleaded guilty to a single count of mail fraud in connection with the acquisition of a mortgage used to purchase real estate. By inadvertence, the parties incorrectly calculated the loss associated with that fraudulent transaction to be more than $30,000 and less than $70,000. As a result, the plea agreement incorrectly states that, pursuant to USSG §2B1.1(b)(1)(D), a 6-level enhancement applies based on loss. It now appears that the loss associated with the transaction at issue was approximately $150,000, resulting in a 10-level enhancement, pursuant to USSG §2B1.1(b)(1)(F).

2. Thus, at the time the defendant tendered her plea of guilty, she was under the misapprehension that her total offense level was lower than it now appears to be.

3. Undersigned counsel has brought this matter to the attention of defense counsel